11-431-cv
Jane Doe v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of March, two thousand twelve.

PRESENT:

> ROBERT D. SACK,
> DEBRA ANN LIVINGSTON,
> GERARD E. LYNCH,
> > *Circuit Judges*.

_____

JANE DOE,
> *Plaintiff-Appellant*,

-v-                                                          No. 11-431-cv

CITY OF NEW YORK,
> *Defendant-Appellee*,

NEW YORK CITY POLICE PENSION FUND,
RAYMOND W. KELLY,
MICHAEL D. WELSOME,
RHONDA CAVAGNARO MELLA, each individually
and in their official capacities as employees of the
New York City Police Pension Fund,
> *Defendants*.

_____

CHRISTOPHER F. BELLISTRI, Cronin & Byczek, LLP, Lake Success, New York, for *Plaintiff-Appellant.*

SHARYN MICHELE ROOTENBERG, Assistant Corporation Counsel (Larry A. Sonnnenshein, Karen J. Seemen, *on the brief*), *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, for *Defendant-Appellee*.

Appeal from the United States District Court for the Eastern District of New York (Mauskopf, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-Appellant Jane Doe ("Appellant") appeals from the grant of summary judgment pursuant to Fed. R. Civ. P. 56. Appellant contends principally that the district court erred in its ruling that she failed to raise a genuine issue of material fact as to her procedural due process and gender discrimination claims under 42 U.S.C. § 1983 against the City of New York.[1] We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

Appellant is a retired New York City police officer who, while on active duty, was assigned to the Transit Division of the New York City Police Department ("NYPD"). In May 1999, Appellant was diagnosed with HIV. She applied for an Accident Disability Retirement Pension

---

[1] Appellant initially brought suit against the New York City Police Pension Fund (the "Fund") and Raymond W. Kelly, Michael D. Welsome, and Rhonda Cavagnaro Mella, each individually and in their official capacities as employees of the Fund, but the parties stipulated to the dismissal of the suit with prejudice as to these parties below. Appellant also brought a variety of other claims under federal, state, and local law. All of these other claims have either been dismissed with prejudice per the stipulation of the parties or abandoned on appeal by Appellant's failure to raise them in her briefing to this Court. *See Hughes v. Bricklayers & Allied Craftworkers Local No. 45*, 386 F.3d 101, 104 n.1 (2d Cir. 2004).

("ADR") on the grounds that she contracted HIV on the job, but the Medical Board and the Fund's Board of Trustees (collectively the "Boards") determined that she had not contracted HIV on the job and awarded her an Ordinary Disability Retirement Pension ("ODR").[2] She claims that the Board of Trustees violated her procedural due process rights by denying her attorney's request to be heard during the session in which the Board of Trustees addressed Appellant's claim for an ADR, and also that the Boards discriminated against her on the basis of her gender by failing to treat her in the same manner as they treated similarly situated male pension applicants.

We review a district court's grant of summary judgment *de novo*, with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The moving party is entitled to summary judgment where "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a verdict in his or her favor on" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010). We may affirm on any ground supported by the record. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

With regard to Appellant's claim for violation of her due process rights, we have expressly held that the procedures employed here by the Boards to determine whether to award an applicant an ADR or ODR satisfy due process. In *McDarby v. Dinkins*, we noted that "the Medical Board

---

[2] An ADR appears to be more desirable than an ODR primarily because the benefits paid under the former are tax-exempt, whereas the benefits paid under the latter are not.

physically examined [the pension applicant McDarby], received written submissions that were proffered on his behalf, reviewed his medical records, and reconsidered its original adverse determination upon his request," and we held that "[d]ue process requires no more." 907 F.2d 1334, 1337 (2d Cir. 1990). Our conclusion in *McDarby* that a pension applicant provided with the opportunity to produce "written submissions," *id.*, was afforded due process in the context of proceedings before the Boards forecloses Appellant's argument here that the Board of Trustees' denial of her counsel's request to make an oral presentation violated her due process rights. Here, Appellant's counsel was afforded the opportunity to proffer written submissions to the Board of Trustees on her behalf, and in fact did so.

With regard to Appellant's gender discrimination claim, "[w]e have held that sex-based discrimination may be actionable under § 1983 as a violation of equal protection." *Demoret v. Zegarelli*, 451 F.3d 140, 149 (2d Cir. 2006). "Once action under color of state law is established, the analysis for such claims is similar to that used for employment discrimination claims brought under Title VII . . . ."[3] *Id.* Thus, under the familiar framework articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), Appellant first bears the burden of making out a *prima facie* case of gender discrimination against the City of New York. *See Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 123 (2d Cir. 2004). A plaintiff establishes a *prima facie* case "by showing that (1) [s]he is a member of a protected class; (2) [s]he is competent to perform the job or is performing [her] duties satisfactorily; (3) [s]he suffered an adverse employment decision or action; and (4) the decision or action occurred under circumstances giving rise to an inference of discrimination based on [her] membership in the protected class." *Dawson v. Bumble & Bumble*,

---

[3] We assume *arguendo* the presence of state action in this case.

398 F.3d 211, 216 (2d Cir. 2005). Appellant attempts to make a showing under the fourth prong discussed above by pointing to male NYPD officers who contracted HIV and whose applications for ADR, she alleges, were treated differently than hers. For a plaintiff to establish a *prima facie* case by comparing herself to others who allegedly received different treatment, the potential comparators "must have a situation sufficiently similar to plaintiff's to support at least a minimal inference that the difference of treatment may be attributable to discrimination." *McGuinness v. Lincoln Hall*, 263 F.3d 49, 54 (2d Cir. 2001). Stated differently, "the individuals with whom [a plaintiff] attempts to compare herself must be similarly situated in all material respects." *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997).

Here, there is a glaring difference between Appellant and all alleged comparators: the medical reports Appellant submitted to the Boards indicated that she contracted HIV through sexual contact,[4] whereas the Boards were presented with no evidence suggesting that this was true for any of Appellant's potential comparators.[5] Appellant points to her ex-boyfriend, also an NYPD officer, as a possible comparator, arguing that he is similarly situated to her inasmuch as he could have contracted HIV from her, just as she could have contracted HIV from him. However, Appellant fails to point to any information before the Boards during her ex-boyfriend's proceedings that would have

---

[4] Appellant has disputed, both before us and before the Boards, whether in fact she contracted HIV through sexual contact or through exposure to the bodily fluids of an HIV-positive person on the job. That Appellant disputes the accuracy of the medical records she submitted to the Boards does not change the fact that the existence of records indicating that she acquired HIV through sexual contact sets her apart from the alleged comparators.

[5] The Magistrate Judge, in a thorough Report and Recommendation, noted that "[t]he undisputed evidence . . . demonstrates that not one of the male comparators who were granted ADR had any evidence in their files[] similar to the evidence of sexual contact with an infected individual in plaintiff's file." Appellant has not challenged the Magistrate Judge's conclusion before this Court.

5

informed them that he had been in a relationship with someone who was HIV-positive, and an independent review of the record by this Court discloses no such information. Accordingly, Appellant has failed to provide any evidence from which a rational jury could conclude that she was treated differently from another person similarly situated to her "in all material respects." *Id.*

We are cognizant that Appellant may well feel that she was unfairly disadvantaged by statements she herself made to her doctors about how she was infected with HIV–statements that may have been inaccurate or scientifically unreliable–and that the distinction in outcomes in her case and in her ex-boyfriend's is arbitrary and unfair. Whether such perceived unfairness may be the basis for any remedy from the Boards, or might have been raised (or still may be raised) in an Article 78 proceeding in the New York State courts, is not for us to say. But the federal claims before us are denial of due process and gender discrimination, and, for the reasons stated above, the district court correctly concluded that whatever other objections might be made to the Boards' resolution of Appellant's claim, there is no evidence in the record sufficient to support a jury finding of either of these violations of her federal constitutional rights.

To the extent Appellant raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6